## N. W. SUMMAR *v.* J. A. JARRETT, *et als.*

1. USURY. *How collected. Pleading and Practice.* A creditor must first establish his claim against his debtor by judgment, before he can recover usury in satisfaction of the same, from a third party, who has received it from his debtor.

   Case cited: Battle *v.* Shute, 3 Head, 547.
   Code cited: §1955.

2. PLEADING AND PRACTICE. *Evidence.* A decree *pro confesso* against the party against whom it is alleged a judgment exists, will ordinarily establish the allegation of its existence, for the purpose of having satisfaction of the judgment out of the assets of the debtor, in the hands of third parties, or under their control.

3. SAME. *Same. Want of jurisdiction.* Where want of jurisdiction of a Justice appears on the face of the warrant and judgment, the judgment is void, but if it only appears from the evidence, this cannot be looked to in a collateral proceeding.

   Case cited: Mason *v.* Westmoreland, 1 Head, 555.

---

### FROM CANNON.

---

Appeal from the Chancery Court. B. M. TILLMAN, Chancellor.

R. CANTRELL for Summar.

J. W. BURTON and J. L. FARE for Jarrett *et als.*

McFARLAND, J., delivered the opinion of the Court.

The complainant in this bill claims to be a judgment creditor of J. W. Summar, and as such seeks to recover, in satisfaction of his judgment, a sum of money which he charges that said J. W. Summar had paid to D. M. Jarrett in his life-time as usury.    J.

W. Summar was made a defendant, but made no de-
fence, and judgment *pro confesso* was taken against him.
The executors of Jarrett answered and put in issue the
existence of a judgment against J. W. Summar in
favor of the complainant, and also insist that whatever
of usury was received by their testator from J. W.
Summar, had been adjusted between them, and refunded
to said J. W. Summar in the life-time of said D. M.
Jarrett. The complainant, to establish the existence of
his judgment against J. W. Summar, introduced the
original papers from the office of M. F. Todd, a
Justice of the Peace—a warrant against said J. W.
Summar to answer the present complainant, "in a plea
of debt due by account under $——." The endorse-
ment shows service upon the defendant, and a judg-
ment in favor of the plaintiff for $500. The account
also was read, showing some three items running back
some ten years, making $500. It is, no doubt, true,
that if the parties to a judgment are satisfied with it,
no one else has the right to complain, and a judg-
ment *pro confesso* against the party against whom it is
alleged the judgment exists, will ordinarily establish
the allegation of its existence, probably for the pur-
pose of having satisfaction of the judgment out of the
assets of the debtor in the hands of third parties or
under their control. But the right to recover in a
case like the present is given by Statute. It is essen-
tial that the complainant have a judgment against the
party who has paid the usury sought to be reached;
without this he has no right to recover the usury un-

lawfully collected by the creditors. · See Code, §1955; *Battle* v. *Shute, et als.*, 3 Head, 547.    Until the complainant shows himself to be a judgment creditor, he can have no relief against the creditor, and if denied by the creditor the allegation must be proven.    But when we look to the evidence introduced for this purpose, we find that it was a suit commenced by warrant upon an account, and a judgment rendered by the Justice for $500. · Under our Statute the Justice had no jurisdiction in suit upon an account beyond the sum of $250.

We do not say that objection could be taken in this mode to mere errors or irregularities, nor do we decide whether or not the executors of Jarrett could attack this judgment upon the ground of a fraudulent collusion between the complainant and J. W. Summar, but we are of opinion, that it appears upon the face of the proceeding, that the Justice of the Peace had no jurisdiction of the subject matter, and that the judgment is void.    This case differs from the case of *Mason* v. *Westmoreland*, 1 Head, 555.    In that case the want of jurisdiction did not appear upon the face of the proceedings, but would only appear from the evidence, which could not be looked to in a collateral proceeding.    Here the want of jurisdiction appears upon the face of the warrant and judgment.

This being so, the complainant's case, on this ground, must fail, without regard to the other questions made.

The decree will be reversed, and the bill dismissed with costs.